UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATHANIEL MCDOW, #649667,

        Petitioner,

                            CASE NO. 2:09-CV-10017
v.                            HONORABLE LAWRENCE P. ZATKOFF

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Nathaniel McDow ("Petitioner") was convicted of armed robbery, Mich. Comp. Laws § 750.529, following a jury trial in the Wayne County Circuit Court and was sentenced to 45 months to 10 years imprisonment in 2007. In his pleadings, Petitioner asserts that trial counsel was ineffective for failing to properly investigate and call a favorable defense witness to testify at trial. Respondent, through the Michigan Attorney General's office, has filed an answer to the petition contending that it should be denied for lack of merit. For the reasons set forth, the Court denies the petition for a writ of habeas corpus and denies a certificate of appealability.

**II.    Facts and Procedural History**

Petitioner's conviction arises from the armed robbery of Michael Nesbitt, an man he had known for 10 years, at Nesbitt's home on February 10, 2007. The Michigan Court of Appeals set forth the underlying facts of the case, which are presumed correct on habeas review, *see Monroe v.*

1

*Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> Defendant was convicted of robbing the complainant when the complainant attempted to repay a debt that he owed to defendant. The complainant testified that when he went to defendant's girlfriend's home to pay defendant a $15 debt, defendant put a gun to his forehead and took approximately $50 from him. The complainant subsequently called 911 and also flagged down the police. The police arrested defendant in the driveway of the residence and recovered $43 from him. Defendant gave a statement to the police in which he denied that the complainant came to his girlfriend's home on the date in question.
>
> Defendant's girlfriend, Sabrina Buckley, testified that she answered the door when the complainant came to the home; he said he owed defendant some money and asked if defendant was home. Defendant went to the door 20 minutes later and, to her knowledge, the complainant was not there. According to Buckley, defendant was at the front door for about a minute. Defense witness Tosha Smith claimed to have been present in the home during the time in question, but was unaware that the complainant came to the home.

*People v. McDow*, No. 278950, 2008 WL 2917636, *1 (Mich. Ct. App. July 29, 2008) (unpublished).

The trial record further reveals that trial counsel spoke with potential defense witness Harry Hummer on the morning of trial and again that afternoon. During the first conversation, Hummer said that Petitioner did odd jobs for him, but he did not have records showing a fixed time. During the second conversation, Hummer said that he had records showing that Petitioner shoveled snow for him the day before the incident and was paid in cash. After the second conversation, counsel moved to reopen the proofs to allow Hummer to testify the next day because he was unavailable that day. The trial court denied the request finding that the defense had several weeks to prepare for trial. *See* Trial Tr., Vol. II, pp. 120-21. The record does not indicate when Petitioner informed counsel about Harry Hummer and his potential testimony.

Following his conviction and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising the same ineffective assistance of counsel claim presented on

habeas review. Petitioner included an affidavit from Harry Hummer in which Hummer stated that he paid Petitioner $60 for work done the day before the incident and that Petitioner's attorney never contacted him before trial. The Michigan Court of Appeals found the claim to be without merit and affirmed Petitioner's conviction. *McDow*, 2008 WL 2917636 at *1-2. Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *See People v. McDow*, 482 Mich. 1069, 757 N.W.2d 469 (2008).

Petitioner thereafter instituted this federal habeas action, raising the following claim as a basis for relief:

> He is entitled to a new trial or an evidentiary hearing where defense counsel provided constitutionally ineffective assistance by failing to adequately investigate a potential witness for the defense.

Respondent has filed an answer to the petition contending that habeas relief should be denied because the claim lacks merit. Petitioner has filed a reply to that answer.

### III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly

established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Additionally, a state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Lastly, when a state court fails to consider an issue or does not specifically address whether the alleged error constitutes a denial of a petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of such a claim is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

**IV.    Discussion**

Petitioner asserts that trial counsel was ineffective for failing to properly investigate and call Harry Hummer as a defense witness at trial. To establish that counsel was ineffective, a habeas petitioner must meet the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). A petitioner must establish that the attorney's performance was deficient and that the deficient performance prejudiced the defense. *Id*. at 687; *see also Johnson v. Bell*, 525 F.3d 466, 486-87 (6th Cir. 2008). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. The Supreme Court has "declined to articulate specific guidelines for

appropriate attorney conduct and instead [has] emphasized that '[t]he proper measure of attorney performance means simply reasonableness under prevailing professional norms.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." *Id*. at 687.

Petitioner asserts that trial counsel was ineffective for failing to investigate and call Harry Hummer as a defense witness. It is well-established that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Wiggins v. Smith*, 539 U.S. 510, 522-23 (2003); *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). "American Bar Association standards...also mandate counsel's duty to investigate all leads relevant to the merits of the case." *Blackburn v. Foltz*, 828 F.2d 1177, 1183 (6th Cir. 1987); *see also Rompilla v. Beard*, 543 U.S. 374, 387 (2005) (noting that the ABA standards provide guidance for determining the reasonableness of counsel's conduct). The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning his or her client's guilt or innocence." *Towns*, 395 F.3d 251 at 258.

That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be a matter of trial strategy, and the failure to call witnesses or present

6

other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense. *See Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002). When making strategic decisions, counsel's conduct must be reasonable. *See Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23.

Citing the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim finding that Petitioner had failed to establish that he was prejudiced by counsel's conduct. The court explained in relevant part:

> Remand for development of a factual record on this issue is unnecessary. See MCR 7.211(C)(1)(a)(ii). Even accepting Hummer's averments as true, absent some offer of proof that the cash purportedly received from Hummer was identifiable, defendant's receipt of cash on the day before the charged offense does not tend to prove or disprove that he robbed the complainant. Because there is no basis for concluding that the omitted evidence would have affected the jury's verdict, defendant has not shown that he was prejudiced by trial counsel's alleged failure to contact or interview Hummer before trial.

The Michigan Court of Appeals' decision is neither contrary to *Strickland* nor an unreasonable application of federal law or the facts. While Harry Hummer's proposed testimony would have provided an alternative explanation for the $43 recovered from Petitioner on the day of the incident, his testimony would not have affected the outcome at trial. The amount of money was relatively small and there was no way to track the money's source. Moreover, the victim's testimony provided significant evidence of Petitioner's guilt, particularly when considered in light of the inconsistent statements and testimony given by Petitioner, his girlfriend Sabrina Buckley, and her friend Tosha Smith. Petitioner has failed to demonstrate that he was prejudiced by trial counsel's failure to contact Hummer before trial or that he was otherwise deprived of a substantial

defense.[1] To be sure, the record reflects that trial counsel cross-examined prosecution witnesses about their version of events and presented defense witnesses in support of Petitioner's claim that he did not commit the crime. Petitioner has failed to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted.

V.     **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claim and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37. The Court concludes that a certificate of appealability is not warranted in this case

---

[1]The Court notes that Petitioner has not clearly shown that counsel was actually deficient in his investigation of the case. Petitioner does not indicate when he first told counsel about Hummer and his possible testimony. If Petitioner did not inform counsel about Hummer until the day of trial, then counsel cannot be faulted for his late contact with Hummer. Once counsel learned that Hummer might have payment records to support Petitioner's defense, he took appropriate steps to attempt to secure Hummer's testimony. Petitioner has not met his burden of showing that counsel was deficient. Nonetheless, even if counsel erred, Petitioner has failed to establish prejudice. Lastly, the Court notes that the trial court could have avoided any concerns about such matters by simply allowing the late presentation of the witness.

8

because Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claim.

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and that a certificate of appealability is **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: November 22, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 22, 2010.

S/Marie E. Verlinde
Case Manager
(810) 984-3290